LUCY BOWEN v. GRAND TRUNK RY. CO. AND BOSTON & MAINE R. R.

February Term, 1913.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed April 3, 1913.

*Pleading—Admission by Demurrer—Limitation—Overruling Demurrer to Plea to Jurisdiction—Granting Demurrant Right to Replead—Inconsistency—Discretion of Court—Right of Court to Change Discretionary Ruling.*

A demurrer to a pleading admits the truth of the challenged allegations only for the purpose of testing their legal sufficiency, and, if that question is decided against him, the demurrant may still traverse the pleading, unless precluded by some rule of procedure.

In an action against two railroad companies for injuries sustained by plaintiff while riding as a passenger on a train operated by one defendant over the track of the other, where defendants pleaded to the jurisdiction that plaintiff at the time of the injury was, and ever since has been, a resident and citizen of Canada, and came to reside and is now residing in this State solely for the purpose of bringing this action, and the court overruled plaintiff's demurrer to that plea, adjudged it sufficient, and held as matter of discretion that the court would not take jurisdiction of the action as presented, there was no inconsistency in thereafter allowing plaintiff to replead; and, if there was, it was but the further exercise of the discretion of the court by withdrawing a ruling made as a matter of discretion, which was proper.

CASE for negligence, Orleans County, September Term, 1912, *Miles,* J., presiding. Heard on plaintiff's demurrer to defendants' plea to the jurisdiction. Demurrer overruled, and plea adjudged sufficient, and held, as matter of discretion, that the court would not take jurisdiction of the action as presented. Plaintiff then asked and was granted leave to replead, to which defendants excepted on the ground that the court had no jurisdiction to grant plaintiff the right to replead, and asked that the case be certified to the Supreme Court for the determination of

that question, which was done. Plaintiff excepted to the order passing the case to the Supreme Court, on the ground that, if the court had no jurisdiction of the action, it had no jurisdiction to pass the case to the Supreme Court.

*Walter A. Dane* for the plaintiff.

*Young & Young* for the defendants.

Whether the court will take jurisdiction of a transitory action where the parties are all citizens of a foreign jurisdiction where the cause of action arose rests in the sound discretion of the court. *Morrisette* v. *Canadian Pacific Railway Company,* 76 Vt. 267, 272-3; *Sawyer* v. *North American Life Insurance Company,* 46 Vt. 697; *Gardner* v. *Thomas,* 14 Johnson, 136; *Great Western Railway Co.* v. *Miller,* 19 Mich. 305; *Smith* v. *Mutual Insurance Company of New York,* 14 Allen 336; *Central Railroad Company* v. *Carr,* 76 Ala. 388, 52 Am. St. Rep. 339; *Morris* v. *Missouri Pacific Railway Co.,* 78 Texas 17, 22 Am. St. Reports 17; *Parke* v. *Commonwealth Insurance Co.,* 44 Penn. St. 422; *Newell* v. *Great Western Railway Co.,* 19 Mich. 336.

But the question of whether the court below erred in refusing to take jurisdiction is not reserved, for plaintiff took no exception to that ruling; and if she did, it would not avail, for the ruling was made as a matter of discretion. *Cummings* v. *Fuller,* 13 Vt. 434; *Wakefield* v. *Merrick's Est.,* 32 Vt. 82; *Bucklin* v. *Ward,* 7 Vt. 195; *Darling* v. *Cutting,* 57 Vt. 218; *Dunbar* v. *Central Vermont Railway Co.,* 79 Vt. 474; *Brainard* v. *Austin,* 17 Vt. 650; *Carpenter* v. *Gookin,* 2 Vt. 495; *Pond* v. *Campbell,* 56 Vt. 674, 676; *Odlin* v. *Nichols,* 81 Vt. 219, 222.

After the court ruled that it would not take jurisdiction, it had no power to proceed further, as it did in allowing plaintiff to replead. *Saunders* v. *Pierce,* 68 Vt. 468; *Prindle* v. *Cogswell,* 9 Vt. 183; *Chadwick* v. *Batchelder,* 46 Vt. 724, 727; *French* v. *Holt,* 57 Vt. 187, 191; *Heath* v. *Robinson,* 75 Vt. 133.

MUNSON, J. The declaration is for injuries sustained by the plaintiff at Sherbrooke, in Canada, while riding as a passenger on a train operated by one defendant over the track of the other. The declaration sets up the plaintiff as of Derby in this State. The cause was removed to the United States court

on the ground of diversity of citizenship, and was afterwards remanded to the Orleans County court on the plaintiff's affidavit that she was a citizen of Canada. The defendants thereupon filed a plea to the jurisdiction, alleging that the plaintiff was not a resident of this State at the time the cause of action accrued, but was then a resident and citizen of Sherbrooke in Canada, and has at all times since been a citizen of Sherbrooke; and that she came to reside, and is now residing, in this State solely for the purpose of bringing and maintaining this action. The plaintiff filed a general demurrer to this plea, and on hearing thereof the court overruled the demurrer, adjudged the plea sufficient, and held as matter of discretion that it would not take jurisdiction of the action as presented. The plaintiff thereupon asked and obtained leave to replead. Defendants excepted to the granting of this leave for want of jurisdiction in the court; and upon their motion the case was sent to this Court, before further proceedings, for a determination of the question thus presented. The plaintiff then excepted to the order passing the case to the Supreme Court, on the ground that if the court had no jurisdiction of the action it had no jurisdiction to order the case passed to the Supreme Court.

The question presented by the defendants' exception is whether the court had jurisdiction to allow the plaintiff to replead after it had adjudged that the plea was sufficient. The argument is that in sustaining the plea the court deprived itself of jurisdiction and had no power to proceed further. We consider the argument unsound. The overruling of the demurrer was not conclusive upon the question of jurisdiction. It was merely a judgment upon the legal sufficiency of the defendants' claim as presented in the plea. The allegations of residence were admitted only for the purposes of the demurrer. Matters thus admitted have the standing of facts simply because the pleader has not denied them. 6 Ency. Plead. 335. A party demurring pauses in the course of his pleading to question the legal sufficiency of the matters alleged, if true. Gould Plead. 428. If the question of legal sufficiency is decided against him, he can still have his inquiry of fact, unless precluded by some rule of procedure. See County Court Rules p. 31. The court's conclusion that the matters alleged were sufficient in law did not deprive it of the power to inquire whether those matters were true in fact.

It is said that the court went beyond the adjudication, and in the exercise of its discretion refused to take jurisdiction, and that the plaintiff's failure to except left this action conclusive against her. The statement of the exceptions is that the court held as matter of discretion that it would not take jurisdiction of the case as presented. This was not inconsistent with the action afterwards taken; but if treated as inconsistent it affords no basis for the defendants' claim. It is clear that such a ruling, made by the court as an exercise of its discretion, could be withdrawn in its discretion; and this was done in permitting the plaintiff to replead. It was not necessary that the court formally withdraw its ruling.

*Order allowing the plaintiff to replead affirmed and cause remanded.*